UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 7:10-cv-00115-KKC

WESTFIELD INSURANCE COMPANY                                      PLAINTIFF

v.                **MEMORANDUM OPINION AND ORDER**

MIONA HALL                                                              DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

Nearly seventy years ago, the Supreme Court recognized that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Since this declaratory judgment action involves the same state-law insurance coverage dispute between the same parties involved in an ongoing state court case, Miona Hall's motion to dismiss will be granted.

**I.     BACKGROUND**

On November 23, 2009, Mona Hall was driving in Knott County, Kentucky with two passengers–her mother, Miona Hall, and Rosa Watkins [DE 1, 10]. While driving, Mona Hall collided with another car driven by Tracy Thornsberry and occupied by Shane Sawyers and Jordan Dobson [DE 1, 10].

Miona Hall alleges that she was seriously injured in the accident and has sought benefits under an automobile insurance policy issued by Westfield Insurance Company to Edgar Childers, Miona Hall's son-in-law [DE 1, 10]. A dispute has arisen between Miona Hall and Westfield over whether Miona Hall was a resident of Childers' household at the time of the accident and thus, was

covered under the insurance policy [DE 1]. On September 15, 2010, Westfield filed the instant action for declaratory judgment, seeking a determination of Miona Hall's residence and, if she is found not to have been a resident of Childers' household at the time of the accident, a declaration that Westfield has no obligation to extend benefits to her [DE 1].

On November 19, 2010, Miona Hall filed a motion to dismiss or, in the alternative, stay the present action [DE 6]. She asks this Court to decline to exercise jurisdiction over the declaratory judgment action and instead, allow the residency issue to be resolved through ongoing litigation in state court [DE 6].[1]

**II.    DISCUSSION**

The Court agrees with Miona Hall for several reasons and will therefore "exercise its 'uniquely broad . . . discretion to decline to enter a declaratory judgment." *Motorists Mutual Ins. Co. v. Hays*, 2011 WL 720812 (E.D. Ky. 2011) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). First, the Sixth Circuit has "held on a number of occasions that a district court should stay or dismiss complaints filed by insurance companies seeking a declaratory judgment as to their underlying state court lawsuits." *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC,* 495 F.3d 255, 273 (6th Cir. 2007). Second, the Sixth Circuit has also said that it "question[s] the need for . . . declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and

---

[1] Miona Hall's motion [DE 6] and Westfield's response [DE 10] outline the history of the state court litigation. On June 1, 2010, Shane Sawyers sued Tracy Thornsberry and Mona Hall in Knott County Circuit Court for negligence. On October 14, 2010, Thornsberry filed an Interpleader Complaint against Jordan Dobson, Mona Hall, Miona Hall, and Rosa Watkins to compel them to assert any personal injury claims they might have against her or her insurer arising from the accident. On October 22, 2010, Miona Hall filed a Third Party Complaint against Westfield and Cole Insurance Company, a local insurance agency, seeking benefits under the automobile insurance policy and alleging other claims. On November 15, 2010, Westfield filed a motion to dismiss and/or stay Miona Hall's Third Party Complaint, but it appears that this motion is still pending before the Knott County Circuit Court.

2

impartial manner." *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 816-17 (6th Cir. 2004) (quoting *Am. Home Assur. Co. v. Evans*, 791 F.2d 61, 63 (6th Cir. 1986)). Third, and most importantly, on balance, the five factors that help decide this Court's declaratory judgment jurisdiction also weigh in favor of dismissal. Those factors are:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata';

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk Western R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (internal citations omitted).

### A. Settlement of the Controversy

The first factor to consider is "whether the declaratory action would settle the controversy." *Grand Trunk*, 746 F.2d at 326. There is a split in Sixth Circuit decisions regarding the proper interpretation of this factor. Some decisions have required that the declaratory judgment action settle the underlying controversy in the state court, while other decisions have only required that the controversy between the parties to the declaratory judgment action be settled. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 550 (6th Cir. 2008). The *Scottsdale* Court explained that while these diverging lines of cases may be explained by competing policy considerations, they might also be explained by their different factual scenarios. *Id.* at 555-56. The Court suggested that when the

3

same parties are in a state court action and the insurance coverage question is being or could be considered by the state court, federal courts find that a declaration of insurance coverage would not settle the controversy. *Id.*

In this case, Westfield concedes that Miona Hall and Westfield are in a state court action and the insurance coverage question is being or could be considered by the state court [DE 10, pg. 6]. Although Westfield correctly points out that Miona Hall filed her Third Party Complaint against Westfield in state court after Westfield filed its Complaint for Declaratory Judgment in federal court, Westfield cites no case law requiring this Court to resolve the insurance coverage dispute between the parties simple because Westfield beat Miona Hall to the punch. This is not surprising since such a result would contravene the Supreme Court's admonishment that when deciding whether to exercise declaratory judgment jurisdiction, district courts should avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). In short, since the insurance coverage dispute between Miona Hall and Westfield is before the Knott County Circuit Court, this Court finds that the first factor weighs against exercising jurisdiction.

**B.  Clarification of the Legal Relations at Issue**

The second factor to consider is "whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue." *Grand Trunk*, 746 F.2d at 326. Westfield is correct that resolving the declaratory judgment action would clarify the legal relations between Miona Hall and Westfield and terminate the immediate dispute between them [DE 10]. It is also true that the Sixth Circuit has found that this clarification can weigh in favor of exercising declaratory judgment jurisdiction. *See Scottsdale Ins. Co.*, 513 F.3d at 557. However, as Judge Thapar astutely points out,

this clarification must serve a "useful purpose." *Nautilus Ins. Co. v. Grayco Rentals, Inc.*, 2011 WL 839549, at *4 (E.D.Ky. 2011) (citing *AmSouth Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004)). The Court finds that its clarification of the legal relations between Miona Hall and Westfield would not serve a "useful purpose" in light of the fact that "[t]he state court can also clarify these very same issues and wind up the case–perhaps better, with its state-law expertise and familiarity with the matter." *Motorists Mut. Ins. Co. v. Hays*, 2011 WL 720812, at *3 (E.D.Ky. 2011). As the Sixth Circuit has recognized, the usefulness of a declaratory judgment action is "severely undercut by the presence of . . . [state] litigation." *AmSouth Bank*, 386 F.3d at 786. Furthermore, this Court does not know why Westfield will suffer injury unless legal relations are clarified here rather than in Knott County Circuit Court. *See Hays*, 2011 WL 720812, at *3 (citing *AmSouth Bank*, 386 F.3d at 786). In sum, since keeping this case would not serve a useful purpose, the Court finds that the second factor also weighs against exercising jurisdiction.

C.  **Race for Res Judicata**

The third factor to consider is "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata.'" *Grand Trunk*, 746 F.2d at 326. According to the Sixth Circuit, this factor is "meant to preclude jurisdiction for declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a natural plaintiff and who seem to have done so for the purpose of acquiring a favorable forum. The question is whether the declaratory plaintiff has filed in an attempt to get [its] choice of forum by filing first." *Scottsdale Ins. Co.,* 513 F.3d at 558 (internal quotations omitted).

In this case, there is no sign that Westfield filed its Complaint for Declaratory Judgment to spur a race for res judicata with the state court. Although Westfield filed its declaratory judgment

5

action only weeks before Miona Hall sued Westfield in state court, federal courts are "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Id.* Since there is no evidence that Westfield's action was motivated by procedural fencing, the Court disagrees with Miona Hall's suggestion that the third factor cuts against Westfield.

That being said, Westfield cannot count the Court's analysis on the third factor as a win. As another district court has recognized, "[i]f no evidence of procedural fencing or a race for res judicata is presented, then this factor is neutral, and does not weigh in favor of or against exercising jurisdiction." *Owners Ins. Co. v. Elder Heating & Air, Inc.*, 2010 WL 1418734, at *4 (W.D.Ky. 2010) (citing *Travelers Indem. Co.*, 495 F.3d at 272 (6th Cir. 2007)). Therefore, the Court finds that the third factor does not weigh in favor of or against exercising jurisdiction over this case.

### D. Increased Friction Between Federal and State Courts

The fourth factor to consider is "whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction." *Grand Trunk*, 746 F.2d at 326. The Supreme Court has warned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495). However, "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Scottsdale Ins. Co.*, 513 F.3d at 560 (internal quotation omitted). Therefore, to determine whether the exercise of jurisdiction over the declaratory judgment action would increase friction between federal and state courts, this Court must consider three sub-factors which focus on the following:

> (1) whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action;
>
> (2) which court, federal or state, is in a better position to resolve the issues in the declaratory action; and
>
> (3) whether the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court.

*Scottsdale Ins. Co.*, 513 F.3d at 560-61.

In this case, the first sub-factor weighs against exercising jurisdiction. For this Court to resolve the declaratory judgment action, it would have to resolve the factual question of Miona Hall's residency at the time of the accident. The Sixth Circuit has recognized that "sometimes resolution of the issue raised in federal court will require making factual findings that might conflict with similar findings made by the state court. In such cases, the exercise of jurisdiction would be inappropriate." *Scottsdale Ins. Co.*, 513 F.3d at 560 (citing *Travelers Indem. Co.*, 495 F.3d at 272). Here, if the Knott County Circuit Court does not dismiss or stay Miona Hall's Third Party Complaint against Westfield, and this Court exercises jurisdiction over the declaratory judgment action, the Court runs the risk of making a factual finding that conflicts with the finding made by the state court. For this reason, the first sub-factor weighs against exercising jurisdiction.

The second sub-factor also weighs against exercising jurisdiction. The Knott County Circuit Court is in a better position to resolve the insurance coverage dispute between Miona Hall and Westfield because it involves a "question[ ] of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve." *Bituminous*, 373 F.3d at 815. As the Sixth Circuit has succinctly put it, "Kentucky courts are in the better position to apply and interpret its law on these issues." *Travelers Indem. Co.*, 495 F.3d at 272.

Westfield is correct that this declaratory judgment action involves no novel state-law questions [DE 10]. It is also true that some courts have focused on the novelty of state law questions as one basis for measuring whether state courts are in a better position to handle them. *See e.g.*, *Scottsdale Ins. Co.*, 513 F.3d at 560; *Travelers Indem. Co.*, 495 F.3d at 272. However, as Judge Thapar keenly recognizes,

> these cases do not say that state courts enjoy an advantage *only* over novel state-law issues. In *Bitumious Casualty Corp.*, 373 F.3d at 815, for instance, the Sixth Circuit held that Kentucky was in a better position to resolve "questions of state law, with which the Kentucky state courts are more familiar," without immediately pointing to the novelty of the state-law issues. The court did then proceed to say the state-law issues were novel, but only as an additional reason the state court was in a better position to resolve the matter.

*Nautilus Ins. Co.*, 2011 WL 839549, at *3 (E.D.Ky. 2011). Therefore, although the insurance coverage dispute in this case may not be novel, the second sub-factor still weighs against exercising jurisdiction.

The third sub-factor also weighs against exercising jurisdiction because the insurance coverage dispute in this declaratory judgment action implicates important state policies and is, thus, more appropriately considered in state court. The Sixth Circuit has repeatedly recognized that "'[t]he states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation.'" *Scottsdale Ins. Co.*, 513 F.3d at 561 (quoting *Bituminous*, 373 F.3d at 815). In short, since this is a case about an insurance contract, which the state regulates for the protection of its citizens, interpreting that contract may implicate state insurance-law policies. For this reason, the third sub-factor also weighs against exercising jurisdiction.

8

### E. Availability of an Alternative Remedy

The fifth factor to consider is "whether there is an alternative remedy which is better or more effective." *Grand Trunk*, 746 F.2d at 326. In this case, Westfield clearly has an alternative remedy–litigate this insurance coverage dispute in Knott County Circuit Court, where it is already pending. Westfield does not even have to file a separate declaratory judgment action in state court, which other courts have also found to be a valid alternative remedy. *See e.g., Scottsdale Ins. Co.*, 513 F.3d at 562; *Nautilus Ins. Co.*, 2011 WL 839549, at *4. Rather, Westfield can simply defend against Miona Hall's Third Party Complaint in state court by raising the same residency and contract interpretation arguments that form the center of its Complaint here in federal court. And since "Kentucky courts are the experts on Kentucky law and thus provide a better forum for these state-law contract disputes," this alternative remedy is certainly superior to this Court exercising declaratory judgment jurisdiction. *See Nautilus Ins. Co.*, 2011 WL 839549, at *4.

### III. CONCLUSION

Ultimately, balancing the foregoing factors favors dismissal. With the exception of the third factor, which is neutral, all of the factors weigh against exercising jurisdiction over this case. This lopsided balance, along with the Sixth Circuit's repeated warnings against exercising jurisdiction simply to resolve insurance coverage disputes when a state forum is available, make dismissal appropriate.

Accordingly, without passing judgment on the merits of Westfield's claim,[2] the Court

---

[2] Westfield argues that since Miona Hall attached exhibits to her motion to dismiss [DE 7, 8], the motion must be treated as one for summary judgment under Rule 56. However, the Court did not take these exhibits or any of Miona Hall's undisputed factual allegations into consideration. Again, the Court makes no ruling on the merits of the underlying insurance coverage dispute between the parties. Instead, the Court simply refuses to exercise jurisdiction over Westfield's declaratory judgment action–a decision that is within this Court's "unique and substantial discretion." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

**HEREBY ORDERS** that Defendant Miona Hall's motion to dismiss [DE 6] is **GRANTED**, Westfield's Complaint for Declaratory Judgment [DE 1] is **DISMISSED**, and this case is **STRICKEN** from the Court's active docket. A separate judgment shall issue.

Dated this 18th day of April, 2011.

Signed By:
*Karen K. Caldwell*
United States District Judge